Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Attorney of Record: Amy Bennecoff Ginsburg (AB0891)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ANGELA COLEMAN,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**SYNCHRONY BANK,** )<br>)<br>Defendant. )<br>)<br>_____ ) | **Case No.:**<br><br><br><br><br><br>**COMPLAINT AND DEMAND<br>FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## **COMPLAINT**

ANGELA COLEMAN ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SYNCHRONY BANK ("Defendant"):

### **INTRODUCTION**

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq*.

### **JURISDICTION AND VENUE**

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87

(2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. Defendant conducts business in the State of New Jersey, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Sicklerville, New Jersey 08081.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7. Defendant is a corporation with its principal place of business located at 170 Election Road, Suite 125, Draper, Utah 84020.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this number as a cellular telephone number.

12. Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew Defendant was calling her using an automatic telephone dialing system and automatic and/or pre-recorded messages as she received calls from Defendant that began with a delay or pause prior to a live representative of Defendant coming on the line.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Desiring to stop these repeated, unwanted calls, Plaintiff spoke to Defendant soon after the calls began and revoked any previous consent that Defendant had to contact her.

17. Once Defendant was aware that its calls were unwanted and was told to stop calling, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

18. In spite of Plaintiff's repeated instruction to stop calling her cellular telephone, Defendant instead continued to call her repeatedly.

19. Plaintiff found Defendant's repeated calls to be distressing, frustrating and harassing during this time period.

20. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated multiple automated telephone calls to Plaintiff using an automatic telephone dialing system.

23. Defendant's calls to Plaintiff were not made for "emergency purposes."

24. Defendant's calls were not made with Plaintiff's prior express consent, as she revoked all consent to be called soon after the calls began.

25. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26.    The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27.    As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, ANGELA COLEMAN, respectfully prays for judgment as follows:

   a.   All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

   b.   Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

   c.   Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

   d.   Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

   e.   Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ANGELA COLEMAN, demands a jury trial in this case.

**CERTIFICATION PURSUANT TO L.CIV.R.11.2**

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

                                          Respectfully submitted,

Dated: December 9, 2020         /s/ *Amy L. Bennecoff Ginsburg*
                                          Amy L. Bennecoff Ginsburg
                                          Kimmel & Silverman, P.C.
                                          30 East Butler Pike
                                          Ambler, PA 19002
                                          Phone: (215) 540-8888
                                          Facsimile: (877) 788-2864
                                          Email: aginsburg@creditlaw.com